**John R. REED Jr., Plaintiff–Appellant,**

**v.**

**INDIANA DEPARTMENT OF CORRECTIONS, et. al., Defendants–Appellees.**

No. 01–1864.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 6, 2002.*

Decided Feb. 15, 2002.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, ROVNER and DIANE P. WOOD, Circuit Judges.

**ORDER**

Indiana prisoner John Reed brought this action under 42 U.S.C. § 1983, alleging that sixteen defendants including medical personnel, a company providing medical services at the prison, and prison officials violated his Eighth Amendment rights by providing him with inadequate medical care. The district court granted summary judgment in favor of all the defendants, and Reed appeals only the summary judgment in favor of six of the defendants. We affirm.

For more than ten years Reed has suffered from a number of symptoms including heartburn, esophageal reflux, and pain in his abdomen, chest, and back. His symptoms stem from gastroesophageal reflux disease, peptic ulcers, and possibly problems with his liver and gallbladder. Most recently, Reed was diagnosed after an endoscopy as having a "small hiatal hernia" and "reflux erosive esophagitis." Since his confinement in 1993, Reed has been treated on many occasions for his multiple symptoms; treatment notes, for example, indicate that from 1997–1999— the period relevant to this case—Reed was treated thirty-three times, received thirty-seven prescriptions and orders, and visited an outside hospital three times. His treatment has consisted primarily of prescription and non-prescription medicine (including Cimetidine, Mylanta, Zantac, Tums, and Tylenol) as well as a special diet. Although Reed is currently confined at the Pendleton Correctional Facility, the events relevant to this lawsuit took place during his confinement at the Correctional Industrial Facility, an Indiana state prison that contracted with Prison Health Services, Inc. (PHS) to provide medical care.

Reed brought suit for damages against sixteen individuals including PHS, PHS employees (Dr. Inderpal Singh and PHS administrator Mary Mansfield) and various prison officials for violating his Eighth Amendment right to be free from cruel and unusual punishment. In his amended complaint, Reed alleged that various defendants denied him medical care for his

serious medical needs on numerous occasions between March 28, 1997 and July 26, 1999. The district court granted summary judgment for all the defendants, reasoning that Reed offered no evidence indicating that any of the defendants acted with deliberate indifference, a necessary element of his claim. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Reed narrows his appeal to challenge the district court's ruling as to only six defendants: PHS, Dr. Singh, Mansfield, Nurse Loretta Chasteen, Charles Miller (the prison's superintendent), and Christopher Meloy (the final reviewing authority in the Indiana Department of Corrections). Reed claims that Singh displayed deliberate indifference to his needs based on certain treatment decisions such as (1) declining to renew a prescription for Cimetidine in March and April 1997 in favor of other drugs such as Mylanta, Zantac, and Tylenol; (2) not telling Reed about surgery options; (3) not conducting a liver biopsy; and (4) delaying an endoscopy. In addition, Reed claims that Singh, Mansfield, and Chasteen were aware of his serious medical needs and ignored his general complaints of pain and suffering on at least four occasions: March 28, 1997–March 31, 1997; May 29–October 2, 1998; April 19, 1999; May 2, 1999–May 6, 1999. Reed claims that disregard exhibited by Singh, Mansfield, and Chasteen caused his condition to worsen. Finally, Reed claims that Miller and Meloy exhibited deliberate indifference by not investigating his complaints regarding lack of medical care.

We review a grant of summary judgment de novo, taking the facts and reasonable inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001). Summary judgment is appropriate when the record indicates no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The Eighth Amendment protects prisoners from deliberate indifference to their serious medical needs. *See Estelle,* 429 U.S. at 104–05. This protection includes situations where prisoners are denied access to necessary medical care, or where officials excessively delay access to such care. *See id.* To succeed on a claim of deliberate indifference to medical needs, a prisoner must satisfy both prongs of a two-part test: (1) that the medical need was objectively serious, and (2) that the official was deliberately indifferent, or knew of and disregarded an excessive risk to the inmate's health. *See Farmer v. Brennan,* 511 U.S. 825, 834–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Garvin,* 236 F.3d at 898. The defendants do not dispute that Reed's condition is objectively serious. We agree that Reed's medical condition is objectively serious and, therefore, focus our analysis on the second prong of the test.

First, Reed renews his claim that Singh was deliberately indifferent to his serious medical needs by denying a prescription for Cimetidine, failing to provide him surgery options, not conducting a liver biopsy, and delaying an endoscopy. But disagreement with medical personnel over what constitutes appropriate treatment does not establish deliberate indifference. *See Estelle,* 429 U.S. at 107; *Dunigan v. Winnebago Co.,* 165 F.3d 587, 591 (7th Cir.1999). This is true even if the treatment decisions demonstrate negligence or malpractice. *See Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir.2001); *Dunigan,* 165 F.3d at 592. To establish a claim based on deliberate indifference, Reed needed to offer evidence that Singh knowingly disregarded his serious medical

needs, *see Sanville,* 266 F.3d at 735, and this he failed to do. Indeed, the numerous examinations, prescriptions, and orders (such as special diets and medical exemptions from work) that Singh provided Reed over the years suggest the opposite. Because there is no evidence to suggest that the treatment decisions of which Reed complains were anything but Singh's professional medical judgment, this claim fails.

■ Next, Reed claims that Singh, Mansfield, and Chasteen were aware of, but ignored, his complaints of pain and suffering by denying his requests for treatment on at least four occasions: March 28, 1997–March 31, 1997; May 29–October 2, 1998; April 19, 1999; May 2, 1999–May 6, 1999. When considering whether an inmate's medical care demonstrates deliberate indifference to his serious medical needs, we look at the inmate's medical care as a whole and not only at incidents in isolation. *See Garvin,* 236 F.3d at 899; *Dunigan,* 165 F.3d at 591; *Gutierrez v. Peters,* 111 F.3d 1364, 1374 (7th Cir.1997). The record here indicates that Reed received a significant amount of medical care for his symptoms between 1997 and 1999. With regard to the occasions specified by Reed, nothing in the record indicates that Singh, Mansfield, or Chasteen knowingly disregarded any of his requests for care. And any delays in care were at most "simply isolated instances of neglect." *Gutierrez,* 111 F.3d at 1375. Moreover, the record indicates that during the longest stretch of the periods he identifies, May 29–October 2, 1998, he never filed a request for care or complained of symptoms during his annual health examinations. Because Reed offers no evidence that Singh, Mansfield, or Chasteen know-

ingly disregarded his serious needs, Singh, Mansfield, and Chasteen were entitled to summary judgment.[1]

■ Reed also claims that Miller and Meloy displayed deliberate indifference by failing to investigate his complaints that he was being denied medical care. Neither Miller nor Meloy—the prison's superintendent and the prison system's final reviewing authority, respectively—is a medical worker. Even though Miller and Meloy are not directly responsible for providing medical care, supervisors may be held responsible for deliberate indifference to serious medical needs if they approve of, facilitate, or condone deliberately indifferent conduct by medical personnel. *Zentmyer v. Kendall County,* 220 F.3d 805, 812 (7th Cir.2000). In this case, however, Reed has not shown that any medical personnel were deliberately indifferent to his serious needs; consequently, there was no impermissible conduct for Miller or Meloy to approve of, facilitate, or condone.

Reed also raises two evidentiary matters, which we review for abuse of discretion. *See Alverio v. Sam's Warehouse Club, Inc.,* 253 F.3d 933, 942 (7th Cir. 2001). First, Reed argues that portions of declarations made by Singh and Mansfield describing their job functions, their interactions with Reed, and his medical history should have been stricken because they were made without personal knowledge, were conclusory, or were refuted by the record. The district court did not abuse its discretion in not striking these declarations because the assertions offered were based on personal knowledge of Reed's case and their own job functions, and any medical opinions offered by Singh were based on his medical training, *see* Fed.

---

1. Reed mentions PHS in his brief, however, he does not offer any reasons why summary judgment in favor of PHS is inappropriate. Moreover, Reed mentions PHS only in rela-

tion to the actions of Singh and Mansfield. Therefore, PHS is entitled to summary judgment for the same reasons as Singh and Mansfield.

R.Evid. 702, and accompanied by citations to the record.

■ Second, Reed argues that the district court should have stricken the declaration of Mary Bowlin, a nurse who asserted that Reed did not complain of heartburn-related symptoms at his annual health examinations, for failure to comply to with Federal Rule of Civil Procedure 56(e). Rule 56(e) states that "[s]worn or certified copies of papers or parts thereof referred to … shall be attached thereto or served therewith," Fed.R.Civ.P. 56(e), and Bowlin's declaration did not contain copies of the records to which she referred. The district court did not abuse its discretion in not striking the declaration, however, because the documents referred to were already part of the record and her declaration provided merely cumulative evidence.

In any event, Reed does not make any argument as to why he was prejudiced by the district court's decisions on these evidentiary matters. *See Alverio*, 253 F.3d at 943.

Accordingly, the district court's judgment is **AFFIRMED**.